**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  15a0056n.06

Case No. 14-3397

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED** Jan 16, 2015 DEBORAH S. HUNT, Clerk |

| | | |
|---|---|---|
| JUAN CARLOS BELTRAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

BEFORE: BATCHELDER, SUTTON, and COOK, Circuit Judges.

COOK, Circuit Judge. An immigration judge denied Juan Beltran's application for a waiver of inadmissibility and adjustment of status. The Board of Immigration Appeals agreed with the denial and dismissed Beltran's appeal. He now seeks review of those decisions. Lacking jurisdiction to address Beltran's arguments, we DISMISS the petition.

Beltran, a citizen of El Salvador, entered the United States illegally in 1998. The Department of Homeland Security began removal proceedings in 2006, charging Beltran with removability under 8 U.S.C. § 1182(a)(6)(A)(i). Beltran conceded removability and requested a status adjustment through an I-130 petition filed by his U.S. citizen spouse. Anticipating that his 1999 conviction for eluding a pursuing police officer made him ineligible for such an

adjustment, however, Beltran also requested a waiver of inadmissibility under 8 U.S.C. § 1182(h)(1)(B). That provision authorizes the Attorney General, in his discretion, to waive certain grounds of inadmissibility for an immigrant who is the spouse, parent, or child of a U.S. citizen if his removal would result in extreme hardship to the citizen relative. Beltran's parents, wife, and three children are all U.S. citizens.

Following a hearing in 2012, an immigration judge (IJ) ordered Beltran removed to El Salvador. The IJ noted several factors weighing in favor of granting a waiver, but determined that these were overshadowed by the negative factors in the case, including Beltran's failure to show that his removal would result in extreme hardship to his family, his serious criminal history, his evasive testimony regarding that history, and his "meager proof of genuine rehabilitation." (A.R. at 9–13, ID 13–17.) Beltran's counsel lodged an appeal with the Board of Immigration Appeals but filed no brief, offering only the following statement to the Board:

> The Immigration Judge erred in denying my application for adjustment of status, in finding that I was not credible, determining that I was not deserving of a waiver of [inadmissibility] under [8 U.S.C. § 1182(h)], and that I was not a person of good moral character for the purposes of voluntary departure.

(A.R. at 33, ID 37.) The Board dismissed the appeal. Though finding that Beltran's removal *would* result in extreme hardship to his family, it nonetheless agreed with the IJ that "[Beltran]'s criminal history and less than candid testimony regarding such history outweigh the positive equities presented in this case." (A.R. at 4, ID 8.)

Beltran now petitions for review of that decision. He argues that the IJ and the Board applied the wrong legal standard in considering his § 1182(h) waiver request and violated his due process rights. As the government notes, however, we lack jurisdiction to consider either claim.

Federal law provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h)." 8 U.S.C. § 1252(a)(2)(B)(i); *see also* 8 U.S.C. § 1182(h) ("No court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection."). "This court has interpreted § 1252(a)(2)(B)(i) to permit review of a BIA decision in which the Board allegedly failed to follow its own precedent." *Ettienne v. Holder*, 659 F.3d 513, 517 (6th Cir. 2011) (citing *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 503 (6th Cir. 2008). Though Beltran asserts that the Board failed to apply the correct legal standard, both the IJ and the Board identified and applied the relevant precedent governing § 1182(h) waiver requests, *In re Mendez-Morales*, 21 I. & N. Dec. 296 (BIA 1996). Indeed, despite Beltran's claims to the contrary, the IJ proceeded methodically through each of the thirteen *Mendez-Morales* factors in reaching his decision. Beltran's objections, it seems to us, stem not from any legal error of the IJ or the Board but from their failure to weigh the evidence to his liking. And "we lack jurisdiction over claims that the IJ failed to consider or put insufficient emphasis on particular factors in the Petitioner's case." *Ettienne*, 659 F.3d at 518.

We also lack jurisdiction over Beltran's due process claims because he failed to exhaust those before the Board. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ."). "Although an alien's due process challenge generally does not require exhaustion" because the Board lacks authority to review constitutional challenges, "the alien must raise correctable procedural errors to the BIA." *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006). Beltran's due process claims—that the IJ refused to let him present witnesses at his hearing and

found facts not supported by the record—fall within this category of correctable procedural errors. As Beltran did not raise these issues before the Board, we cannot review them now. *See, e.g.*, *Xuefang He v. Holder*, 502 F. App'x 430, 433–34 (6th Cir. 2012); *Myftari v. Mukasey*, 302 F. App'x 401, 409–10 (6th Cir. 2008); *Sterkaj*, 439 F.3d at 279.

For these reasons, we DISMISS the petition for review.